UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | NO:  1:24-CR-225-RP |
| | § |        1:24-CR-229-RP |
| James Pierce | § | |

### ORDER FINDING PROBABLE CAUSE AND
### GRANTING DEFENDANT'S RELEASE PENDING FURTHER PROCEEDINGS

The above-named defendant was arrested and made an Initial Appearance before the Court on the Government's Amended Petition for Warrant or Summons on Offender under Supervision ("Petition") on December 9, 2024. His Preliminary Revocation and Detention Hearing was set for December 12, 2024.

On this date, this Magistrate Judge held the Preliminary Revocation and Detention Hearing, at which Defendant, his attorney, counsel for the Government, and Defendant's Probation Officer were present. Counsel were admonished as required by the Due Process Protection Act. The Court heard evidence and argument on probable cause and detention.

### Probable Cause

The Court conducted the Preliminary Hearing pursuant to Federal Rule of Criminal Procedure 32.1. Having considered all the evidence, the Court finds that the evidence, sufficient in nature, has established that there is probable cause to believe that the defendant committed the violations alleged in the Petition. Accordingly, the defendant is required to appear for further proceedings.

### Release Pending Final Revocation Hearing

Federal Rule of Criminal Procedure 32.1(a)(6) provides that a magistrate judge may release or detain a person held in custody for violating supervised release under 18 U.S.C. § 3143(a)(1)

pending further proceedings. Rule 32.1(a)(6) also provides that: "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person."

Having considered all evidence and arguments presented, this Magistrate Judge finds that Defendant has met his burden to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community if released pending his Final Revocation Hearing. There is no evidence that Defendant has previously failed to appear, and although Defendant pled "no contest" to Reckless Causation of Damages under Texas law for starting a fire on March 26, 2024 that required evacuation of the Horseshoe Bay Resort Hotel, the Horseshoe Bay Fire Department determined that the cause of the fire was unintentional. Gov't Exh. 3 at 1.

For these reasons, the Court **ORDERS** that Defendant be released pending his Final Revocation Hearing. Defendant's release is subject to **ALL** Conditions of Supervised Release previously imposed. In addition, the Court **ORDERS** that Defendant shall abide by the following Conditions of Release pending his Final Revocation Hearing:

1. Defendant must surrender all his passports to the United States Probation Office by 9 a.m. Friday, December 13, 2024, and must not obtain any passport or other international travel document.

2. Defendant must not drive or operate any motorized vehicle.

**IT IS SO ORDERED**.

**SIGNED** on December 12, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE