UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | NO:  1:24-CR-225-RP |
| | § | 1:24-CR-229-RP |
| James Pierce | § | |

**ORDER**

The above-named defendant was arrested and made an Initial Appearance before the Court on the Government's Petition for Warrant or Summons on Offender under Supervision ("Petition") on March 7, 2025. He was ordered detained pending his Preliminary and Final Revocation Hearings, set for March 19, 2025. Dkts. 39, 40.

On this date, Defendant, his attorney, counsel for the Government, and Defendant's Probation Officer appeared before this Magistrate Judge. Defendant waived his Preliminary Hearing, elected to proceed before the District Court for his Final Revocation Hearing, and asked to be released from custody.

Counsel were admonished as required by the Due Process Protection Act. The Court heard evidence and argument on detention.

**Release Pending Final Revocation Hearing**

Federal Rule of Criminal Procedure 32.1(a)(6) provides that a magistrate judge may release or detain a person held in custody for violating supervised release under 18 U.S.C. § 3143(a)(1) pending further proceedings. Rule 32.1(a)(6) also provides that: "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person."

Having considered all evidence and arguments presented, this Magistrate Judge finds that Defendant has met his burden to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community if released pending his Final Revocation Hearing. There is no evidence that Defendant is likely to flee. While alcohol use by Defendant would present a danger to the safety of others and the community, the Court finds that the combination of conditions of supervised release imposed by the District Court – including the condition that Defendant shall not use or possess alcohol – will reasonably assure the safety of others and the community.

For these reasons, the Court **ORDERS** that Defendant shall be detained until March 20, 2025, then released pending his Final Revocation Hearing. Defendant's release is subject to **ALL** Conditions of Supervised Release previously imposed. In addition, the Court **ORDERS** that Defendant shall abide by the following Conditions of Release pending his Final Revocation Hearing:

1. Immediately on his release from custody on Thursday, March 20, 2025, Defendant must report to the Probation Office to resume the use of a remote alcohol testing system (Secure Continuous Remote Alcohol Monitoring), as ordered by Judge Pitman on January 21, 2025. Dkt. 32.

2. By no later than 5 p.m. Friday, March 21, 2025, Defendant must report to his Probation Officer that he has contacted the Bluebonnet Trails Community Services and Integral Care substance abuse treatment programs. As ordered by Judge Pitman, the Probation Officer shall supervise Defendant's participation in an appropriate program.

Defendant should anticipate that he will be detained pending his Final Revocation Hearing should he again violate any condition of his release.

**IT IS SO ORDERED**.

**SIGNED** on March 19, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE