**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| JAMES PIERCE, | § | A-24-CR-225-RP |
| Petitioner | § | A-25-CV-1587-RP-ML |
| V. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | A-24-CR-229-RP |
| Respondent. | § | A-25-CV-1588-RP-ML |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court are Petitioner James Pierce's Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 70 in 1:24-CR-225-RP and Dkt. 65 in 1:24-CR-229-RP) (Mot.), the Government's Response (Dkt. 73 in 1:24-CR-225-RP and Dkt. 67 in 1:24-CR-229-RP) (Resp.), and Petitioner's Reply (Dkt. 74 in 1:24-CR-225-RP and Dkt. 68 in 1:24-CR-229-RP) (Repl.). Because the pleadings are substantively identical, the undersigned considers the Motions[1] together. After reviewing the pleadings and the relevant case law, the undersigned submits the following Report and Recommendation to the District Judge.

## I. BACKGROUND

Pierce was convicted and sentenced in two cases out of the District Court for the District of Columbia with sentences to run concurrently followed by three years of supervised release in each case. Pierce's supervision was transferred to this court. Dkt. 1.

---

[1] Because they are substantively identical, the undersigned will only cite to the pleadings in 1:24-CR-225-RP.

1

On January 17, 2025, the District Judge held a revocation hearing and determined that Pierce had violated the terms of his supervised release. Dkt. 37. However, the District Judge continued Pierce on supervised release and added additional conditions of supervision:

> The defendant shall submit to substance abuse testing to determine if the defendant has used a prohibited substance. The defendant shall not attempt to obstruct or tamper with the testing methods. The defendant shall pay the costs of testing if financially able.

> The defendant shall not use or possess alcohol.

> The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

> The defendant shall participate in a program of testing for alcohol abuse, as directed by the probation officer, which shall include the use of a remote alcohol testing system (Secure Continuous Remote Alcohol Monitoring), for a period of 180 days.

Dkt. 37. The record shows that these conditions were imposed because Pierce's alcohol use was hindering his ability to follow the existing conditions of his release. *See* Dkt. 2.

On March 3, 2025, the Probation Office sought a warrant and eventual revocation of Pierce's supervised release, alleging he had violated the terms and conditions of his supervised release. Dkt. 38. Specifically, the Probation Office alleged Pierce had consumed alcohol and tampered with alcohol monitoring device. Dkt. 38 at 3. The Probation Officer contacted Pierce, who denied the allegation. Dkt. 38 at 3. The Probation Officer instructed Pierce to find and enroll in a substance abuse program as soon as possible. Dkt. 38 at 3. Just over a week later, Pierce's alcohol monitoring device again indicated he has consumed alcohol. Dkt. 38 at 3.

On May 23, 2026, the District Judge held a hearing on whether to revoke Pierce's supervised release. Dkt. 68 (Tr.). Pierce pleaded true to the second incident of alcohol use, and that was the only violation on which the Government went forward. Tr. 3:16-25.

Pierce stated he had enough time to discuss the charges with his Counsel and he was thus far satisfied with Counsel's representation. Tr. 4:2-7, 4:16-18. Counsel stated he had enough time with Pierce to prepare for the hearing, and they had discussed the charges and any defenses Pierce might have. Tr. 4:19-25. The District Judge informed Pierce that he faced a maximum prison term of 2 years and an additional term of supervised release, and the Sentencing Guidelines recommended a term of imprisonment between 3-9 months. Tr. 6:21—7:-5. Pierce then reaffirmed that he wished to plead true to the violation and that his plea was freely and willingly given. Tr. 7:8—8:7. The District Judge accepted his plea. Tr. 10:1.

Counsel then made arguments on Pierce's behalf. Counsel asserted that since he had been released with the alcohol monitoring device two months ago, following his arrest on the violation, Pierce had not had any issues. Counsel pointed out that Pierce had begun and completed an intensive outpatient substance abuse treatment program. Tr. 10:16-17. Counsel also pointed out that Pierce's wife was in the courtroom for support and Pierce had started a second job. Tr. 11:4-8. Counsel described the change he had seen in his client since Pierce had been sober, acknowledged that alcohol is something that Pierce would continue to deal with, and asserted that Pierce now seems to understand the seriousness of his supervision conditions and is trying to be a better probationer. Tr. 10:19—11:19. Counsel asked the court to continue him on the monitoring device and argued that the week Pierce had spent in custody for this violation was sufficient to put him on the right track. Tr. 11:20—12:4. Counsel suggested the court could restart the 6 months Pierce was to be on the monitoring device from the time he had appeared for the second violation

and not give him credit for the time before that. Tr. 11:21-25. The Government was agreeable to this suggestion. Tr. 14:4-5.

The District Judge declined to adopt that suggestion and sentenced Pierce to 9 months incarceration followed by additional supervised release.

> Mr. Pierce, as you know, I'm well acquainted with your case and your difficulties in complying with your supervised release that was imposed out of the District of Washington. And I tell you from the beginning in this case, I have been struck by your resistance to the authority of this court, your unwillingness to comply with the conditions that the previous court imposed, and then, given additional chances, the orders that I imposed, all of which were trying to get you back on the right track for your own good.
> You have not taken advantage of the opportunities that have been given you. You have shown time and time again, a resistance to authority, an unwillingness to follow rules. And then, finally, having failed to comply with the orders that I placed you on when I let you out again, you were dishonest about whether or not you did it. You may have turned a corner, but you need an additional lesson to how to follow rules and how to respect the authority of this court.
> I'm going to revoke your supervised release. I'm going to sentence you to a term of imprisonment of nine months to be followed by a period of supervised release to conclude the pending supervised release that is currently – you're currently serving, I believe, is 13 months.

Tr. 14:13—15:11; *see also* Dkt. 62 (Judgment). The hearing then concluded with nothing further from Pierce's Counsel or the Government. Tr. 15:22-24.

Pierce appealed his revocation sentence, but the appeal was dismissed on Pierce's motion. Dkts. 63, 69.

Pierce now brings this habeas petition asserting Counsel was ineffective.

## II.    STANDARD OF REVIEW

Under section 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4)

the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The nature of a collateral challenge under section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). However, a defendant's ineffective assistance of counsel claim does create a constitutional issue and is cognizable pursuant to Section 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

A § 2255 motion requires an evidentiary hearing unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true. *United States v. Harrison*, 910 F.3d 824, 826–27 (5th Cir. 2018), as revised (Dec. 19, 2018); *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979).

### III.    ISSUE PRESENTED

Pierce asserts he was denied effective assistance of counsel on four grounds:

1. Counsel failed to challenge his disproportionate sentence.
2. Counsel failed to present mitigating evidence.
3. Counsel failed to object and preserve issues for appeal.
4. Counsel was unprepared and did not present any arguments on Pierce's behalf.

The court will address each issue in turn.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution guarantees a defendant in a criminal case reasonably effective assistance of counsel. U.S. CONST. amend VI; *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To prevail on an ineffective assistance of counsel claim, a movant must satisfy the two-part test enunciated in *Strickland v. Washington*. 466 U.S. 668, 687 (1984). First, he must demonstrate counsel's performance fell below an objective standard of reasonableness. *Id*. Under this standard, counsel must "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003). The effectiveness of an attorney's representation must be gauged "on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. A court will not find ineffective assistance merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). Whether counsel's performance was deficient is determined by examining "the law as it existed" at the time of the representation. *See id.* "[C]ounsel is not ineffective for failing to raise a claim that courts in the controlling jurisdiction have repeatedly rejected . . . or even for not rais[ing] every nonfrivolous ground that might be pressed on appeal." *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) (internal quotations and citations omitted).

Second, movant must prove he was prejudiced by counsel's substandard performance. "[T]o prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Conley*, 349 F.3d at 841-42. When a movant fails to meet either requirement of the *Strickland* test, his ineffective assistance of counsel claim is defeated. *See Belyeu v. Scott*, 67 F.3d 535, 538 (5th Cir. 1995); *United States v. Gaudet*, 81 F.3d 585, 591-92 (5th Cir. 1996). "[A] court must indulge a

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Fields*, 761 F.3d 443, 453 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 689)). Additionally, courts presume that counsel's "challenged action might be considered sound trial strategy." *Belyeu*, 67 F.3d at 538 (citing *Strickland*).

## V. ANALYSIS

### A. Whether Counsel was ineffective for failing to challenge his disproportionate sentence

Pierce argues Counsel was ineffective for not raising an eighth amendment challenge to his sentence or asserting that the sentence was disproportionate under 18 U.S.C. § 3553(a). Mot. at 4. Pierce asserts that if Counsel had made such arguments, the District Judge would have given him a lesser sanction such as continued treatment and monitoring. Pierce asserts that drinking alcohol is not a crime and is merely a technical violation of his conditions. In his reply brief, Pierce asserts the court could have imposed a non-custodial sanction such as treatment or monitoring.

"A sentence imposed on revocation of supervised release punishes a breach of trust for violating the conditions of supervision." *United States v. Napper*, 978 F.3d 118, 125 (5th Cir. 2020) (citation modified). A within-guidelines revocation sentence is presumptively reasonable. *Id*.

Pierce pleaded to the violation knowing the sentencing recommendation. Tr. 7:2-7. As the sentence was within the guideline range, it is presumptively reasonable. Pierce's argument that he was punished for something that is not illegal fails because Pierce was punished for violating the conditions of supervision. Many conditions of supervision are not directed to activity that is illegal. Finally, Pierce's suggestion of further monitoring fails because Counsel did advocate for further monitoring. Tr. 11:20-25.

The District Judge described his reasons for sentencing Pierce as he did, and he did so even after the Government had agreed to release with further monitoring. Not objecting or making further argument after the sentence was announced did not fall below an objective standard of reasonableness.

Pierce has failed to show Counsel was ineffective for failing to object—after the sentence was given—to the sentence.

**B. Whether Counsel was ineffective for failing to present mitigating evidence**

Pierce argues Counsel failed to inform the District Judge that he had completed a substance abuse program, had no prior violent or alcohol-related crimes, and had "followed most of [his] supervision rules." Mot. at 5. Pierce argues that if these facts were before the District Judge, the District Judge could have ordered treatment, counseling, and continued monitoring.

Pierce's argument is factually incorrect. As noted above, Counsel did inform the District Judge that Pierce had completed a substantive abuse program. Tr. 10:16-17. It is also clear from the sentencing transcript that the District Judge was aware that Pierce had "follow[ed] *most* of [his] supervision rules" (emphasis added). In fact, following most, but not all, of his supervision rules is the very nature of a supervision violation. The District Judge stated he believed the sentence given was necessary because Pierce "need[ed] an additional lesson to how to follow rules and how to respect the authority of this court." Tr. 15:4-6. Again, Pierce has failed to show Counsel was ineffective.

**C. Whether Counsel was ineffective for failing to object and preserve issues for appeal**

Pierce argues Counsel failed to object when the District Judge stated the sentence was "sufficient, but not greater than necessary" without further explanation. Mot. at 6. Pierce also

argues that Counsel failed to make an eighth amendment objection, which was necessary to preserve the issue for appeal.

Again, Pierce's issue is based on erroneous facts. First, the District Judge *did* explain why he believed the sentence was necessary. Tr. 14:13—15:6. Second, as described above, the sentence was presumptively reasonable, and there was no eighth amendment objection to be made. Pierce has failed to show Counsel was ineffective.

**D. Whether Counsel was ineffective for being unprepared and not presenting any arguments on Pierce's behalf**

Pierce argues that on the day of his revocation hearing, Counsel asked him how he intended to plead and had not prepared any defense or strategy before the hearing. Pierce asserts Counsel was unprepared and did not present any arguments on his behalf. Mot. at 8. Pierce alleges this led to his lengthy sentence.

Again, Pierce's assertions are belied by the transcript. At the hearing, Pierce stated he was satisfied with Counsel's representation of him so far. Tr. 4:16-18. Moreover, Counsel did present arguments on Pierce's behalf. Tr. 10:8—12:4. Counsel acknowledged Pierce's problem with alcohol, his completion of a substance abuse program, and the change he had seen in Pierce since Pierce became sober. Counsel further pointed the court toward Pierce's support system and his second job. Counsel argued Pierce was now taking his conditions seriously. Finally, Counsel argued Pierce's release should continue and suggested Pierce's time on the monitoring device should restart. Thus, Counsel presented the court with an alternative sentence in which Pierce would have avoided further incarceration.

Pierce has not shown Counsel was ineffective on this ground.

**E. Reply Brief Issues**

Pierce raises additional arguments in his reply, which the court will address here.

9

First, Pierce argues that it is not illegal to drink alcohol and abstinence was not an initial condition of his supervised release. Again, Pierce ignores the facts. The requirement to abstain from alcohol was imposed when Pierce was previously brought to the court for failing to abide by his terms and conditions. Dkt. 37. Further, the record shows that these conditions were added because Pierce was failing to comply with his existing terms and conditions because of his alcohol use. Dkt. 2.

Second, Pierce argues Counsel should have questioned the monitoring device's reliability and calibration. The argument fails because those issues became moot once Pierce pleaded to the violation.

Third, Pierce argues the cumulative effect of Counsel's failures rendered Counsel ineffective. But as addressed above, Pierce's ineffectiveness grounds are either factually or legally unsupported. Even considering the totality of Pierce's arguments taken together, he has failed to show Counsel was ineffective.

## VI.    HEARING

Pierce is not entitled to a hearing on his motions because his claims are frivolous, conclusory, and based on unsupported generalizations that are contradicted by the record. *See Harrison*, 910 F.3d at 826–27.

## VII.    CONCLUSION

Pierce understood the violation for which he was charged, and he was aware of the potential consequences, including the guideline range. Pierce pleaded to the violation but now complains about the within-guideline sentence he received. Pierce has failed to show that his sentence was unconstitutional or that his Counsel was constitutionally ineffective.

## VIII.   RECOMMENDATIONS

For the reasons given above, the Magistrate Judge respectfully **RECOMMENDS** Petitioner James Pierce's Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 70 in 1:24-CR-255-RP and Dkt. 65 in 1:24-CR-229-RP) be **DENIED**.

## IX.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to

11

deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the District Judge not issue a certificate of appealability.

## X.    OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objection must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED April 28, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

12